14-0677-cr, 14-0797-cr
*United States v. Camacho et al*


UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of November, two thousand and fifteen.

Present:
       PIERRE N. LEVAL,
       PETER W. HALL,
       GERARD E. LYNCH,

              *Circuit Judges.*
_____

UNITED STATES OF AMERICA,

              *Appellee*,

       v.                                    No. 14-677-cr(L), 14-797-cr

JAVION CAMACHO, JULIO CAMACHO,

              *Defendants-Appellants*.

_____

For Defendant-Appellant:     James M. Branden, New York, NY, *for Defendant-Appellant Javion Camacho*.

                             Aaron M. Goldsmith, P.C., New York, NY, *for Defendant-Appellant Julio Camacho*.


1

For Appellee:          Rahul Mukhi (Justin Anderson, *on the brief*), Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Forrest, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendants Julio and Javion Camacho, two brothers, were charged with conspiracy to distribute and possess with the intent to distribute heroin under 21 U.S.C. §§ 846 & 841(a)(1) (Count One), conspiracy to commit robbery in violation of the Hobbs Act, 18 U.S.C. § 1951 (Count Two), and possession of a firearm in relation to a drug trafficking crime and robbery conspiracy under 18 U.S.C. § 924(c) (Count Three).[1] Julio Camacho pleaded guilty to Counts Two and Three, receiving a sentence of 150 months imprisonment; Javion Camacho pleaded guilty to Count One, receiving a sentence of 250 months. The charges stemmed from a DEA sting operation designed to halt a series of violent robberies committed by the "Crew," a group to which the brothers belonged. We assume the parties' familiarity with the facts, procedural history, and issues presented on appeal.

Julio and Javion contend that their sentences were procedurally and substantively unreasonable. "A sentencing judge has very wide latitude to decide the proper degree of punishment for an individual offender and a particular crime." *United States v. Cavera*, 550 F.3d 180, 188 (2d Cir. 2008). We will "set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision 'cannot be located within the range of

_____

[1] The appeal of a co-defendant, Jancey Valle, was initially consolidated with those of Javion and Julio Camacho, but the district court granted Valle's motion to withdraw the appeal on January 6, 2015. (Order, ECF No. 148.)

permissible decisions.'"  *Id.* at 189 (quoting *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007)).  "This degree of deference is only warranted, however, once we are satisfied that the district court complied with the Sentencing Reform Act's *procedural* requirements," including proper consideration of the factors set forth in 18 U.S.C. § 3553(a).  *Id.*

The court's sentence for each defendant was based in part on pertinent facts elicited through co-defendant Louis Borrero's trial.  These facts included Javion's role as a leader and Julio's role as an organizer in planning both the robbery in this case and prior robberies, their *modus operandi* of impersonating police officers to subdue their robbery victims, their use of weapons and threats of violence, and their ill-gotten profits from stealing and reselling large quantities of drugs.  The defendants declined the opportunity to contest these facts through a *Fatico* hearing, and at sentencing the court considered the facts to have been established by a preponderance of the evidence.

The district court thoughtfully analyzed the § 3553(a) factors for each defendant.  For Julio Camacho, the court balanced his drug addiction problems and his medical issues against his egregious offense conduct, which was in sharp contrast to his stable family background and upbringing.  Based on these factors, the court varied upward from a Guidelines range of 41 to 51 months on Count Two and imposed a sentence of 90 months which, with a mandatory consecutive term of 60 months on Count Three, yielded a total term of 150 months imprisonment.

For Javion Camacho, the court noted several indicia of his good character, such as his behavior in caring for his brother and his girlfriend's children and his taking full responsibility for the crime.  The court also took into account potential changes in federal sentencing law that might lower Javion's Guideline range in the future.  The court balanced these factors against the

3

egregiousness of Javion's offense conduct and, in particular, his role as the leader and organizer of multiple robberies.[2] Ultimately, the court applied enhancements not stipulated to in the plea agreement that yielded a Guidelines range sentence between 292 and 365 months.[3] The court imposed a sentence of 250 months.

The court thoroughly analyzed the § 3553(a) factors as applied to each defendant, and the sentences imposed were adequately supported by the particulars of the case and by each defendant's history and character. The sentences were "within the range of permissible decisions." *Cavera*, 550 F.3d at 189 (internal quotation omitted).

For these reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

[2] Javion argues that the court erred by focusing on a "single factor"—"the right thing for society"—to the exclusion of the § 3553(a) factors. That contention is belied by the record. The district court weighed the relevant factors, and its reference to "the right thing for society" was manifestly shorthand for the conclusion dictated by aggregating those factors.

[3] Javion's argument that the court's Guideline range was unreasonable because it ran contrary to his established expectations is unpersuasive. The Guideline range stipulated in the plea agreement was not binding on the court, and the court informed Javion prior to sentencing that it would independently determine his Guidelines range and sentence. *See* USSG § 6B1.4(d) (stating that the court is not bound by stipulation of facts and sentencing range in plea agreement "but may[,] with the aid of the presentence report, determine the facts relevant to sentencing"); *see also* 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the [defendant's] background, character, and conduct . . . which a court . . . may receive and consider for the purpose of imposing an appropriate sentence.").